**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| MICHAEL C. NEASE (771023), | : | PRISONER CIVIL RIGHTS |
| COLON MCRAE (1000861112), | : | 42 U.S.C. § 1983 |
| LENOIS RICE (692440), | : | |
| TED HARDISON (206686), | : | |
| RODNEY JAMES (1235479), | : | |
| ROY BRIGHT (699119), | : | |
| CLIFFORD KILGORE (675905), | : | |
| DERRICK HOLMES (1252320), | : | |
| MARCOS T. JOHNSON (1196964), | : | |
| ZACHARY MITCHELL (1001059115), | : | |
| DAVID LYNCH (271857), and | : | |
| ORRIN LOFTON (1002140), | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:13-CV-3475-TCB-ECS |
| WARREN SELLARS, et al., | : | |
| Defendants. | : | |

**ORDER AND FINAL REPORT AND RECOMMENDATION**

This case is before the Court on a single complaint pursuant to 42 U.S.C. § 1983 signed and filed by twelve state inmates, each of whom seeks to represent himself pro se, purportedly in a class action suit.   See [Doc. No. 1].   The United States Court of Appeals for the Eleventh Circuit has instructed district courts that when a pro se civil rights action is brought by prisoners collectively – without separate payment by each prisoner of the filing fee – it should be dismissed without prejudice so that each prisoner may sue individually in a separate matter. See Hubbard v. Haley, 262 F.3d 1194, 1198 (11th Cir. 2001); see also Garcia v. McNeil, 2010 WL 4818067 (N.D. Fla., November 22, 2010)(Hubbard

AO 72A
(Rev.8/82)

applies whether association of plaintiffs is governed by Rule 20 or class action provisions of Rule 23.). In Hubbard, the Eleventh Circuit approved the district court's decision to open, sua sponte, a separate civil action for each inmate. Id. at 1195, 1198.

Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to open a separate civil action for each of the twelve inmates listed in the caption above and to submit each of the twelve new cases to the undersigned for further consideration, once the new dockets have been created and the affidavits and complaint forms have been completed and returned, as prescribed below.

The Clerk is **DIRECTED** to file a copy this Order and Final Report and Recommendation in each newly-created case.

The Clerk is **DIRECTED** to mail each of the twelve inmates a copy of this Court's § 1983 complaint form and a copy of this Court's in forma pauperis ("IFP") affidavit form. The Clerk is further **DIRECTED** to pre-mark each of the complaint forms and IFP affidavit forms with the new docket number assigned to the inmate to whom the forms are being sent.

Each inmate is **ORDERED** to (1) complete, sign, and return the § 1983 complaint form – setting forth fully all facts and causes of action that are applicable to him – and (2) either (A) pay the $400

2

case initiation fee ($350 filing fee + $50 administrative fee) or (B) complete and submit the IFP affidavit form, with <u>all</u> required certifications, attachments, and signatures. Each inmate's (1) complaint and (2) (A) fee payment or (B) IFP affidavit is due **WITHIN FIFTEEN (15) DAYS** of the date of this Order and Final Report and Recommendation.

Each inmate is advised that failure to comply fully with the terms of this Order may result in the dismissal without prejudice of the new case opened in his name. <u>See</u> LR 41.3A(2), NDGa.

Each inmate is further advised that, as a prisoner, even if he is permitted to proceed IFP, the full $350 filing fee will be collected in installments from his inmate account as funds are deposited therein, whether or not he is granted any relief. <u>See</u> 28 U.S.C. § 1915(b)(1); <u>see also</u> <u>Hubbard</u>, 262 F.3d at 1195 ("the intent of Congress in promulgating the [Prison Litigation Reform Act] was to deter frivolous civil actions by prisoners by requiring each prisoner to pay the full amount of the required fee.").

If, in light of the information in this Order and Final Report and Recommendation, any of the inmates chooses not to pursue his separate case (and desires thereby to avoid becoming responsible for payment of the $350 filing fee), each such inmate may voluntarily close his case by (A) marking the words "Notice of Voluntary Withdrawal Pursuant to Fed. R. Civ. P. 41(a)(1)(A)" on

the first page of the civil rights complaint form mailed to him and (B) returning that page to the Court within **FIFTEEN (15) DAYS** of the date of this Order and Final Report and Recommendation.

Extensions of time to comply with any requirement of this Order will not be granted, absent extraordinary cause shown, and any request for such an extension of time must be filed within **FIFTEEN (15) DAYS** of the date of this Order and Final Report and Recommendation.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO ORDERED, RECOMMENDED AND DIRECTED,** this 5th day of November, 2013.

>  *S/ E. Clayton Scofield III*
>  E. CLAYTON SCOFIELD III
>  UNITED STATES MAGISTRATE JUDGE